Case 2:16-cv-00315   Document 14   Filed in TXSD on 10/26/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTHONY R. FREEMAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:16-CV-315 |
| § | |
| MCCONNELL UNIT T.D.C.J., § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Anthony R. Freeman ("Freeman") is a Texas state prisoner currently confined in the McConnell Unit in Beeville, Texas. Freeman filed an action pursuant to 42 U.S.C. § 1983 and Rule 60 of the Federal Rules of Civil Procedure on July 18, 2016, challenging a state court's dismissal of his civil action for property damage by several prison officials because he was declared a "vexatious litigant" who must prepay the filing fee. Dkt. No. 1. Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 3. The Court now has before it Freeman's complaint against the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division, Dkt. No. 1; Freeman's motion to proceed *in forma pauperis*, Dkt. No. 3; the Memorandum and Recommendation ("M&R") of the Magistrate Judge to whom this case was referred, Dkt. No. 7; Freeman's advisory concerning a need for extension of time to file objections, Dkt. No. 12; and Freeman's objections to the M&R. Dkt. No. 13.

The Magistrate Judge recommends that the Court deny Freeman's motion to proceed *in forma pauperis* pursuant to the three strikes rule of 28 U.S.C. § 1915(g). Dkt. No. 7 at 3. Freeman objects to the M&R on several grounds. First, Freeman states that *Freeman v. Garcia*, No. 2:14-cv-145 (S.D. Tex. Oct. 2014) (dismissing Plaintiff's action because Plaintiff had three strikes), was dismissed due to a procedural error and thus the case should not be presumed to have been dismissed on the grounds that it was frivolous, malicious, or for failing to state a claim upon

which relief may be granted. Dkt. No. 13 at 3. Second, Freeman states that he was without reasonable legal assistance at the time he filed previous legal actions, and thus dismissal of his actions should not count toward the three strikes. Dkt. No. 13 at 6. Third, Freeman argues that the Prison Litigation Reform Act ("PLRA"), effective in April 1996, should not be applied retroactively to *Freeman v. Alvord*, 48 F.3d 530 (5th Cir. 1995) (affirming district court's dismissal of Freeman's § 1983 action as frivolous). Dkt. No. 13 at 6. Finally, Freeman provides that prison officials continually take advantage of their employment to mistreat, harass, and oppress him and repeatedly deprive him of his personal legal papers, among other items. Dkt. No. 13 at 7. Freeman states that the conditions of his confinement have caused traumatic stress and psychological difficulties that subject him to imminent threat of harm. *Id.*

After independently reviewing the record and considering the applicable law, the Court adopts the Magistrate Judge's proposed findings and recommendations, and **DENIES** Plaintiff's motion to proceed *in forma pauperis*.

I. Background

The M&R describes the procedural background of this case in some detail. *See* Dkt. No. 7. Most relevant here is that Freeman has filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.[1] *See Freeman v. Alford*, 48 F.3d 530 (5th Cir. 1995) (affirming district court's dismissal of plaintiff's 1983 action as frivolous); *Freeman v. TDCJ*, No. 6:96-CV-1008 (E.D. Tex. Nov. 14, 1997) (unpublished) (dismissing as frivolous); and *Freeman v. Mangles*, No. 6:96-CV-945 (E.D. Tex. June 12, 1997) (unpublished) (dismissing as frivolous). Apart from these actions, Freeman instituted other actions, which were dismissed pursuant to the three strikes clause of 28 U.S.C. § 1915(g). *See Freeman v. Garcia*, No. 2:14-CV-145 (S.D. Tex. Oct. 8, 2014) (unpublished) (dismissing because Plaintiff had three strikes); *Freeman v.*

---

[1] The M&R notes that Plaintiff Anthony R. Freeman, TDCJ No. 297125 is listed on the Three Strikes List at http://156.124.4.123/ThreeStrikes/threestrikes.htm.

*Johnson*, No. 6:00-CV-1 (E.D. Tex. June 22, 2000) (unpublished) (dismissing because Plaintiff had three strikes).

## II.  Legal Standards

Plaintiff's motion to proceed *in forma pauperis* is governed by 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court reviews objected-to portions of a magistrate judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## III.  Analysis

Here, the Magistrate Judge recommended that the Court deny Freeman's motion because he has lost the privilege of proceeding *in forma pauperis* pursuant to the three strikes clause contained in 28 U.S.C. § 1915(g). Dkt. No. 7 at 4. Further, the Magistrate Judge recommended that the Court find that the prisoner has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. *Id.*

Plaintiff's first objection regarding *Freeman v. Garcia*, No. 2:14-cv-145 (S.D. Tex. Oct. 2014) cannot be sustained. The M&R did not rely on *Freeman v. Garcia* as one of the three "prior strikes." *See* Dkt. No. 7 at 2. Plaintiff has amassed strikes from three cases other than the one identified in his objection. *See Freeman v. Alford*, 48 F.3d 530 (5th Cir. 1995) (affirming district court's dismissal of plaintiff's § 1983 action as frivolous); *Freeman v. Mangles*, No. 6:96-CV-945 (E.D. Tex. June

12, 1997) (unpublished) (dismissing as frivolous); *Freeman v. TDCJ*, No. 6:96-CV-1008 (E.D. Tex. Nov. 14, 1997) (unpublished) (dismissing as frivolous). Because he has had three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted excluding *Freeman v. Garcia*, No.2:14-cv-145 (S.D. Tex. Oct. 2014), which was dismissed on other grounds, Plaintiff is barred from filing a civil suit *in forma pauperis*, unless he is under imminent danger of physical injury. Plaintiff's first objection is **OVERRULED**.

Second, Freeman states he was without reasonable legal assistance at the time he filed previous legal actions, and thus dismissal of his actions should not be construed as dismissal for reason of them being frivolous claims. Dkt. No. 13 at 6. However, "[t]he determination of whether a previous claim is 'frivolous,' 'malicious,' or 'fails to state a claim upon which relief may be granted' is made in the context of the litigation in which the claim is adjudicated." *Clay v. Ambriz*, 2012 WL 1309197, at *3 (S.D. Tex. Apr. 16, 2012). "Any use of this proceeding to raise a dispute over the labeling and disposition of the claims in those earlier proceedings would be a collateral attack" and is barred by the doctrine of *res judicata. Id.* (citing *Boettner v. Raimer,* 122 Fed. Appx. 711, 714 (5th Cir. 2004)). Because Freeman's second objection disputes a previous case's determination of whether the claim was frivolous, malicious, or failed to state a claim upon which relief may be granted, the objection is barred by the doctrine of *res judicata*. Plaintiff's second objection is **OVERRULED**.

Third, Freeman argues that the PLRA, effective in April 1996, should not be applied retroactively to *Freeman v. Alvord*, 48 F.3d 530 (5th Cir. 1995) (affirming district court's dismissal of plaintiff's 1983 action as frivolous). Dkt. No. 13 at 6. Freeman's objection raises the question of if his dismissals prior to the PLRA enactment bring him within the ambit of the three strikes provision of 28 U.S.C. § 1915(g).

The PLRA was signed into law on April 26, 1996. Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Act modified the requirements for proceeding *in forma pauperis* in federal courts. *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

Among other provisions, the Act revoked prisoners' privileges to proceed *in forma pauperis* if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. *Adepegba*, 103 F.3d at 385.

As the Fifth Circuit announced in *Adepegba*, the question of whether the PLRA applies retroactively to actions commenced prior to the statute's enactment begins with the Supreme Court's pronouncement in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *Adepegba* 103 F.3d at 385. In that decision, the Court outlined the proper procedure for determining whether a statute's reach may be extended to situations predating the legislation by explaining:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

*Id.* at 280.

The language of 28 U.S.C. § 1915(g) broadly refers to actions dismissed on "prior occasions." Because the statute did not include an express prescription by Congress of the statute's proper reach, the Fifth Circuit proceeded to the second step of the *Landgraf* analysis to determine whether the provision actually has a retroactive effect. *Adepegba* 103 F.3d at 385–86.

On the first prong of the *Landgraf* test, the Fifth Circuit held that "there is no absolute 'right' to pursue a civil appeal [*in forma pauperis*]; rather it is a privilege extended to those unable to pay filing fees in a timely manner." *Id.* at 386. The Court held that § 1915(g) is "a procedural statute governing the process by which indigent individuals, including prisoners, bring civil actions or appeals in the federal courts," i*d.*, and while § 1915(g) attaches consequences to past actions, these

consequences "are matter of procedure." *Id.* As such, the Court held that § 1915(g) "does not affect a prisoner's substantive rights." *Id.* A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the *in forma pauperis* procedures. *Id.*

On the second prong of the *Landgraf* test, the Fifth Circuit held that § 1915(g) does not impose new or additional liabilities, but "instead requires a collection of a fee that was always due." *Id.* The Court held that, in providing procedures to litigate *in forma pauperis*, Congress created an exception to the general rules which impose filing fees on federal court litigants. Therefore, § 1915(g) "puts prisoners on the same footing as every other petitioner in federal court." *Id.*

On the third prong of the *Landgraf* test, the Court held that the revocation of the *in forma pauperis* privilege is not new. *Id.* at 387. The Court stated that before the PLRA, courts routinely revoked a prisoner's ability to proceed *in forma pauperis* after numerous dismissals. *Id.* (citing *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981) (per curiam)). The Fifth Circuit held that by adding § 1915(g), Congress determined that three qualifying dismissals constituted *per se* abuse of *in form pauperis. Id.*

Other circuits have similarly held that the three strikes provision of the PLRA could be applied to foreclose an inmate's claims based on pre-PLRA dismissals. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (holding that "that dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)"); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir.1997) ("We conclude that, in light of the purposes of the amendment, its reference to 'prior occasions' also must encompass dismissals that preceded the effective date of the act."); *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143, 144–45 (3d Cir.1997) ("We thus now join those circuits in holding that dismissals for frivolousness prior to the passage of the PLRA are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees . . . ."); *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir.1996). In light of the Fifth Circuit's precedential holding

that the three strikes provision in § 1915(g) applies retroactively, Plaintiff's third objection is **OVERRULED**.

Finally, Freeman provides that prison officials continually take advantage of their employment to mistreat, harass, and oppress him and repeatedly deprive him of his personal legal papers, among other items. Freeman states that the conditions of his confinement have caused traumatic stress and psychological difficulties that subject him to imminent threat of harm. Dkt. No. 13 at 7.

The determination whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed *in forma pauperis*. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The Fifth Circuit has held that to proceed *in forma pauperis* in a § 1983 suit after accumulating three strikes, the prisoner must show that he is under imminent danger of serious physical injury from alleged actions of officers. *King v. Livingston*, 406 F. App'x 931, 932 (5th Cir. 2011). The Fifth Circuit has also held that "bare assertions" of imminent danger are not sufficient. In a case concerning a plaintiff who asserted that he had been threatened at unspecified dates in the past by inmates who had beaten other inmates at the direction of one of the defendants, the Fifth Circuit held that the assertion did not rise to the level of a showing that he was in imminent danger of serious physical injury when he filed his complaint. *Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011). Freeman has not made a showing of imminent danger of serious physical injury from alleged actions of the officers to proceed *in forma pauperis*. Plaintiff's fourth objection is **OVERRULED**.

IV.   **Conclusion**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Freeman's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court adopts the M&R as stated herein and **DENIES**

Plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 3. The case is **DISMISSED** without prejudice. Plaintiff may move to reinstate this lawsuit, but only if the $400.00 filing fee is paid simultaneously with the motion to reinstate within thirty days of the date of dismissal.

SIGNED this 26th day of October, 2016.

_____
Hilda Tagle
Senior United States District Judge